Anderson v. Truitt.

WILLIAM T. ANDERSON, Respondent, v. W. H. TRUITT, JR., Appellant.

Kansas City Court of Appeals, April 17, 1893.

Vendor and Vendee: MEASURE OF DAMAGES. Where the vendee refuses to perform the contract of sale of real estate within a reasonable time, the property may be resold on his account; and if upon such resale it sells for less than on the first sale, the measure of damages would be the difference between the price bid at the first sale and the market value,—not the actual cash value,—at the time of second sale. The difference in the price at the first and second sale is not conclusive, but may be taken as a criterion of the damages actually sustained where the later sale has been fairly made on due notice.

*Appeal from the Boone Circuit Court.*—HON. JOHN A.
HOCKADAY, Judge.

REVERSED AND REMANDED.

*C. B. Sebastian*, for appellant.

The court erred in giving and refusing instructions.
*Hartzell v. Crumb*, 90 Mo. 629.

*Gordon & Bass*, for respondent.

The rule as to the measure of damages is the same
in sales both of real and personal property. *Hartzell
v. Crumb*, 90 Mo. 637, 638, and cases cited; *Kirk-
patrick v. Downing*, 58 Mo. 32, and cases cited.

SMITH, P. J.—The plaintiff was the owner of forty
acres of improved land situate in Boone county, and,
desiring to sell the same, he caused it to be advertised
for sale in one of the newspapers published in
Columbia, the county seat of the county. The terms
of the sale stated in the advertisement were one third
cash, the balance in one and two years. At the sale
made in pursuance of the advertisement the defendant
was the highest bidder at the price of $1,505. A few
days after the sale the plaintiff caused a proper deed
to be tendered the defendant, conveying to him the
title thereto. The defendant refused to perform the
contract of sale. He notified the plaintiff's agent that
he "did not intend to take the place." Something
like a month later the plaintiff readvertised the land on
the same terms by giving two days' notice thereof in
the same newspaper in which the first publication had
been made. At the second sale had in pursuance of
the advertisement for that purpose the land brought
$1,250.

The error of which the appealing defendant complains is the action of the trial court in giving for the plaintiff the first and refusing for the defendant the second of these two instructions.

"The defendant having failed to take the land at the sum bid by him at the first sale, the true criterion for fixing the damage of plaintiff by reason of such failure is to put the plaintiff in the same position that he would have been had defendant complied with the terms of his purchase, which, in this case, is the difference between the amount bid by the defendant in the first sale and the amount the land sold for under the second sale."

"The court instructs the jury that if they find for the plaintiff they will find such a sum as the evidence shows to be the difference between the amount bid by defendant, to-wit, $1,505, and the actual cash value of the land at the time of the sale."

The rule of law is elemental that the vendor where the contract is not completed may recover the whole of the purchase money, but he cannot keep the land too. He is only to have made good his loss by the diminution in the value of the land, or the loss of the purchase money in consequence of the non-performance of the contract by the vendee. Sugden on Vendors, 361, sec. 47. The usual conditions of sale by auction are that if the vendee fails to complete the purchase the vendor may sell, and the vendee shall pay expenses of sale and make good the deficiency of price, if any. And the same principle will be applied without any express stipulation. Wood's Mayne on Damages, 283.

Under such express or implied conditions the purchaser is commonly allowed a limited time within which to comply with the terms of the sale, and, in case of neglect or refusal so to do within the time limited, the property is then resold on account of the pur-

chaser. The vendee in such case may at his option take the land after being so bid off by him or have it sold again. If upon a resale it should sell for less than on the first sale, the difference would form the loss to which the vendee would be exposed. 1 Warville on Vendors, 262; Wood's Mayne on Damages, *supra; Webster v. Hoban*, 7 Cranch, 399. While the difference in price between the first and second sales is not conclusive it may be taken as a criterion of the damages actually sustained where the latter sale has been fairly made on due notice. *Bernard v. Duncan*, 38 Mo. 184–185; *Gardner v. Armstrong*, 31 Mo. 536; *Adams v. McMillan*, 7 Porter (Ala.), 88–9.

In *Adams v. McMillan, supra*, it is said "that the difference between the price at which the land was first bid off and the price of the second sale would afford a good criterion on the damages sustained by the vendor, not, however, *as binding on the jury, but as fit and proper testimony to be received by them as a medium of coming to a correct conclusion;*" and in the same connection was quoted with approval the language of Chief Justice TILGHMAN in *Girard v. Taggard*, 5 Seargent & Rawle, 19, where a like question was involved, to the effect that the jury "were not bound by this mode of estimation if they could find another more agreeable to truth." Where there is no other evidence of the value than the re-sale, that would doubtless be conclusive. *Engel v. Fitch*, 10 B. & S. 753.

The evidence in this case discloses that the re-sale was made upon two days' notice. The conditions, if any, inserted in the notice of the resale the length of time the notice was published, the time and place of sale and the like are essential elements to be considered in determining the question whether the resale was fair and the difference of the price in the two sales was

the proper measure of damages. It may have well been that if fifteen days' notice of the sale had been given of the last sale as there was of the first that persons willing to buy the land would have been able in that time to arrange for the cash payment required, while on so short a notice as that last given they could not. We think we are justified both upon principle and authority in condemning the rule for the measure of damages declared in plaintiff's instruction as applicable to the facts, while the evidence in this case tends to establish, and more especially so when we consider that there was evidence introduced other than that of the resale, which tended to show that there had been no diminution in the value of the land from the time of the first sale to that of the last, and that it was worth in cash from $1,500 to $2,000. No doubt the instruction would have been well enough had there been added to it a proviso to the effect, that if the court or jury further found from the evidence that *the second sale was fairly made* on due notice. With this modification made, the instruction would have outlined, under the evidence adduced, a correct rule for the admeasurement of damages. The difference between the price bid for the land at the first sale and the market value—not the *"actual cash value"*—at the time of the second sale is the measure of damages when ascertained and determined under the rule declared in the instruction of the plaintiff modified as we have indicated.

It follows, therefore, that the court did err in refusing defendant's instruction. For the reasons already stated, the judgment will be reversed and the cause remanded. All concur.